# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1796

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Vincent B. Swain, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  September 12, 2000

Filed:  September 19, 2000

_____

Before RICHARD S. ARNOLD, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

Vincent B. Swain pleaded guilty to one count of conspiracy to possess with the intent to distribute more than 500 grams of cocaine.  The district court applied a two-level enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1998) for possession of a firearm and sentenced Swain to 156 months imprisonment.

Swain appeals the application of the § 2D1.1(b)(1) enhancement, contending the Government did not establish by a preponderance of the evidence that Swain possessed the firearm found during a search of his girlfriend's apartment.  We disagree.  "The

district court must impose the [§ 2D1.1(b)(1)] enhancement unless it finds that it is 'clearly improbable that the weapon had a nexus to criminal activity.'" United States v. Fairchild, 189 F.3d 769, 779 (8th Cir. 1999) (quoted case omitted); accord U.S.S.G. § 2D1.1 cmt. n.3. "In a conspiracy case, a sufficient nexus is established if 'the weapon was found in the same location where drugs or drug paraphernalia were stored, or where part of the conspiracy took place.'" United States v. Tauil-Hernandez, 88 F.3d 576, 580 (8th Cir. 1996) (quoted case omitted). Here, the district court heard evidence that Swain's girlfriend was involved in the conspiracy with Swain to distribute cocaine, that Swain periodically stayed at his girlfriend's home, that Swain knew the gun was in his girlfriend's home, that Swain knew the girlfriend's home was a transfer point for the drugs involved in the conspiracy, and that the gun was found in close proximity to drugs and drug paraphernalia. Thus, a sufficient nexus between the gun and the drug conspiracy to which Swain pleaded guilty was established, and the district court did not commit clear error in applying the § 2D1.1(b)(1) enhancement. See id. (§ 2D1.1(b)(1) enhancement appropriate because defendant knew coconspirators possessed gun in furtherance of conspiracy, even though defendant testified she was afraid of gun and never used it); Fairchild, 189 F.3d at 779 (weapons owned by defendant and found in coconspirator's home were sufficient evidence to justify § 2D1.1(b)(1) enhancement to defendant's sentence); United States v. Turpin, 920 F.2d 1377, 1386 (8th Cir. 1990) ("single gun may justify an enhancement of the sentences of both [coconspirators], since possession of a gun by either would suffice to justify an upward adjustment of the other's offense level if it was reasonably foreseeable that one of them would possess a gun in furtherance of the jointly undertaken criminal activity").

We have reviewed Swain's remaining arguments and conclude they are likewise without merit. We affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.